1  PHILLIP A. TALBERT
   United States Attorney
2  HEIKO P. COPPOLA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

**FILED**
Jul 28, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8              IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

| UNITED STATES OF AMERICA, | CASE NO. 2:22-cr-00161 JAM |
|---|---|
| Plaintiff, | 18 U.S.C. § 1955 – Operating an Illegal Gambling Business; 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering; 18 U.S.C. § 1957 – Money Laundering (8 counts); 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| JAMES MECHAM, KURT STOCKS, and HEIDI EDWARDS | |
| Defendants. | |

                           I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1955 – Operating an Illegal Gambling Business]

   The Grand Jury charges:

                           JAMES MECHAM,
                           KURT STOCKS, and
                           HEIDI EDWARDS,

defendants herein, beginning no later than in or about January 2012 and continuously thereafter through

in or about November 2017, in the State and Eastern District of California, and elsewhere, did conduct,

manage, supervise, and direct all and part of an illegal gambling business, to wit a gambling business

involving supplying, operating, and maintaining video slot machines and devices in violation of the laws

of the State of California, to wit, California Penal Code §§ 330b and 337a(a)(3), and the State of

Arizona, to wit, Arizona Revised Statute §§ 13-3304, and 13-3301, and which involved five or more

persons who conducted, financed, managed, supervised, directed, and owned all and part of said illegal gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had gross revenue of at least $2,000.00 in a single day, all in violation of Title 18, United States Code, Sections 2 and 1955(a).

COUNT TWO: [18 U.S.C. § 1956(h) – Money Laundering Conspiracy]

The Grand Jury further charges: T H A T

JAMES MECHAM,
KURT STOCKS, and
HEIDI EDWARDS,

defendants herein, beginning on a date unknown, but not later than in or about January 2012 and continuing to at least until on or about November 7, 2017, in the State and Eastern District of California, and elsewhere, did knowingly combine, conspire, and agree with each other and with persons known and unknown to the Grand Jury to commit an offense against the United States in violation of Title 18, United States Code, Section 1957, specifically, to engage and attempt to engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is United States currency, such property having been derived from a specified unlawful activity, that is, the operation of an illegal gambling business, in violation of 18 U.S.C. § 1955, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(h).

COUNTS THREE THROUGH TEN: [18 U.S.C § 1957 – Engaging in Monetary Transactions in Criminally Derived Property]

The Grand Jury further charges: T H A T

JAMES MECHAM,
KURT STOCKS, and
HEIDI EDWARDS,

defendants herein, on or about the dates listed below, in the State and Eastern District of California and elsewhere, did knowingly engage and attempt to engage in the following monetary transactions by,

INDICTMENT

2

through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the operation an illegal gambling business in violation of Title 18, United States Code, Section 1955, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Amount | Type of Transaction | Defendant |
|---|---|---|---|---|
| 3 | 8/2/2017 | $20,843.70 | Deposit of Cashier's Check from Bank of West Account 5629 - Black Rock Investments, Inc. to First Citizens Bank Account 6523 – Black Rock Investments, Inc. | JAMES MECHAM |
| 4 | 8/2/2017 | $14,000 / $14,220 | Deposit of check # 5122 and check #5123 from Bank of America Account 4044 – Burkiworks to First Citizen's Bank Account 6523 – Black Rock Investments, Inc. | JAMES MECHAM KURT STOCKS |
| 5 | 8/3/2017 | $16,327 | Deposit of check #5116 from Bank of America Account 4044 – Burkiworks to Umpqua Bank Account 1948 – Santara Technology Solutions, Inc. | KURT STOCKS |
| 6 | 8/10/2017 | $14,400 | Deposit of check #5124 from Bank of America Account 4044 – Burkiworks to Mechanics Bank Account 3421 – Lemon Gold Ventures, Inc. | HEIDI EDWARDS |
| 7 | 8/18/2017 | $14,210 | Deposit of check #1061 from Bank of America Account 4044 – Burkiworks to First Citizens Bank Account 6523 – Black Rock Investments, Inc. | JAMES MECHAM |
| 8 | 8/31/2017 | $29,750 | Deposit of check #1212 from Bank of America Account 7073 – Lemon Gold Ventures, Inc. to UniWyo FCU Account 61324 – Cameo Holdings | HEIDI EDWARDS |
| 9 | 8/31/2017 | $22,305 | Deposit of Check #5079 from Mechanics Bank Account 3421 – Lemon Gold Ventures, Inc. to UniWyo FCU Account 61324 – Cameo Holdings | HEIDI EDWARDS |
| 10 | 9/28/2017 | $249,836 | Wire transfer from Umpqua Bank Account 1948 – Santara Technology Solutions, Inc. to First American Title | KURT STOCKS |

All in violation of Title 18, United States Code, Sections 2 and 1957.

///

INDICTMENT

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of the offense alleged in Count One of this Indictment, defendants JAMES MECHAM, KURT STOCKS, and HEIDI EDWARDS shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to the following:

a. Approximately $117,151.48 seized from Bank of America Account Number 5010 1714 7633,

b. Approximately $43,882.17 seized from Bank of America Account Number 5010 0170 0675,

c. Approximately $5,713.82 seized from Bank of America Account Number 1641 0242 5652,

d. Approximately $4,436.39 seized from Bank of America Account Number 5010 1940 4044,

e. Approximately $60,328.73 seized from Uniwyo Federal Credit Union Account Number 61324,

f. Approximately $29,438.90 seized from Mechanics Bank Account Number 42073421,

g. Approximately $23,077.78 seized from First Citizens Bank Account Number 001064426523,

h. Approximately $22,852.67 seized from 1st Bank, A Division of Glacier Bank, Account Number 910600008915,

i. Approximately $21,492.09 seized from Wyochem Federal Credit Union Account Number 37648 (S9),

j. Approximately $12,397.47 seized from High Desert Bank Account Number 4042002813,

k. Approximately $8,209.08 seized from High Desert Bank Account Number 4042002826,

l. Approximately $6,350.56 seized from Patelco Credit Union Account Number 473661,

m. Approximately $7,717.13 seized from Umpqua Bank Account Number 4863921948,

n. Approximately $3,213.75 seized from Safe Credit Union Account Number 822910 (9),

o. Approximately $10,857.37 seized from Tri Counties Bank Account Number 491039991,

p. Approximately $6,798.26 seized from El Dorado Savings Bank Account Number 0053012902,

q. 2015 Mercedes-Benz, ML350, VIN: 4JGDA5HB9FA479275,

INDICTMENT

4

r. 2016 Ford, F150 Super Cab Pickup, VIN: 1FTFX1EGXGKG04896,

s. 2017 Ford, F250 Super Duty Pickup, VIN: 1FT7X2BT6HEB22700,

t. A sum of money equal to the amount of proceeds traceable to such offenses, for which defendants are convicted.

2. Upon conviction of one or more of the offenses alleged in Counts Two through Ten of this Indictment, defendants JAMES MECHAM, KURT STOCKS, and HEIDI EDWARDS shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following:

a. Approximately $117,151.48 seized from Bank of America Account Number 5010 1714 7633,

b. Approximately $43,882.17 seized from Bank of America Account Number 5010 0170 0675,

c. Approximately $5,713.82 seized from Bank of America Account Number 1641 0242 5652,

d. Approximately $4,436.39 seized from Bank of America Account Number 5010 1940 4044,

e. Approximately $60,328.73 seized from Uniwyo Federal Credit Union Account Number 61324,

f. Approximately $29,438.90 seized from Mechanics Bank Account Number 42073421,

g. Approximately $23,077.78 seized from First Citizens Bank Account Number 001064426523,

h. Approximately $22,852.67 seized from 1st Bank, A Division of Glacier Bank, Account Number 910600008915,

i. Approximately $21,492.09 seized from Wyochem Federal Credit Union Account Number 37648 (S9),

j. Approximately $12,397.47 seized from High Desert Bank Account Number 4042002813,

k. Approximately $8,209.08 seized from High Desert Bank Account Number 4042002826,

l. Approximately $6,350.56 seized from Patelco Credit Union Account Number 473661,

m. Approximately $7,717.13 seized from Umpqua Bank Account Number 4863921948,

n. Approximately $3,213.75 seized from Safe Credit Union Account Number 822910 (9),

o. Approximately $10,857.37 seized from Tri Counties Bank Account Number 491039991,

///

INDICTMENT

5

      p. Approximately $6,798.26 seized from El Dorado Savings Bank Account Number 0053012902,

      q. 2015 Mercedes-Benz, ML350, VIN: 4JGDA5HB9FA479275,

      r. 2016 Ford, F150 Super Cab Pickup, VIN: 1FTFX1EGXGKG04896,

      s. 2017 Ford, F250 Super Duty Pickup, VIN: 1FT7X2BT6HEB22700,

      t. A sum of money equal to the amount of money involved in the offenses, for which defendants are convicted.

3. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Ten of this Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants, up to the value of the property subject to forfeiture.

TRUE BILL.

/s/ Signature on file w/AUSA
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

*No.* 2:22-cr-00161 JAM

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
*vs.*

JAMES MECHAM, KURT STOCKS, and HEIDI EDWARDS,

SUMMONS TO ISSUE FOR ALL DEFENDANTS

I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1955 – Operating an Illegal Gambling Business;
18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
18 U.S.C. § 1957 – Money Laundering (8 counts);
18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**
------------------------------------
*Foreman.*

*Filed in open court this* 28th *day*

*of* July *, A.D. 20* 22

/s/ L. Kennison
------------------------------------
*Clerk.*

*Bail, $* SUMMONS TO ISSUE FOR ALL DEFENDANTS

*/s/ Carolyn K. Delaney*

GPO 863 525

<u>United States v. Mecham, et.al.</u>
**Penalties for Indictment**

**Defendants**
James MECHAM
Kurt STOCKS
Heidi EDWARDS

2:22-cr-00161 JAM

| | |
|---|---|
| **COUNT 1:** | **ALL DEFENDANTS** |
| VIOLATION: | 18 U.S.C § 1955 – Operating an Illegal Gambling Business |
| PENALTIES: | Up to 5 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 3 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **COUNT 2:** | **ALL DEFENDANTS** |
| VIOLATION: | 18 U.S.C § 1956(h) – Conspiracy to Commit Money Laundering |
| PENALTIES: | Up to 10 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 5 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **COUNTS 3 - 10:** | **ALL DEFENDANTS** |
| VIOLATION: | 18 U.S.C. § 1957 – Money Laundering |
| PENALTIES: | Up to 10 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 3 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **FORFEITURE ALLEGATION:** | **ALL DEFENDANTS** |
| VIOLATION: | 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |