PHILLIP A. TALBERT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00161 JAM |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO REQUEST FOR TEMPORARY RETURN OF PASSPORT |
| v. | |
| JAMES MECHAM, | DATE: October 5, 2022<br>TIME: 2:00 P.m.<br>COURT: Hon. Kendall J. Newman |
| Defendant. | |

On October 5, 2022, defendant James Mecham (hereinafter "Mecham") requested the temporary return of his United States passport so that he can travel to Croatia for vacation. ECF 18. Mecham's passport is in the possession of the Clerk of the Court as a condition of his continued release on his own recognizance following his indictment on charges of operating an illegal gambling business and money laundering charges. ECF 1, 9, 14. The United States objects to the temporary return of Mecham's passport.

The surrender of a defendant's passport is a typical condition imposed by the Court in criminal cases where the defendant is otherwise released on this own recognizance, as is the case here. The rationale behind surrendering one's passport to the Court is simple – it prevents defendants with means from fleeing the jurisdiction of the Court prior to the final adjudication of a criminal case through the least restrictive means possible. In other words, it incentivizes a defendant to maintain law abiding

behavior knowing that he/she can travel freely within the United States with no other appreciable restrictions and without being supervised by the Court's pretrial services division.

Here, Mecham is charged with the operation of an illegal gambling business and various money laundering offenses resulting in profits in the millions of dollars. He also faces the forfeiture of substantial real property and other assets. Should Mecham ultimately be convicted of the charges, he is subject to a federal prison sentence. If the Court returns Mecham's passport, he has absolutely no incentive to return to the United States and the Court will have lost its only leverage to ensure that Mecham is held to account for the charges in the indictment. Additionally, Mecham he cannot claim ignorance of or surprise by the charges contained in the indictment. Furthermore, missing from Mecham's request are usual travel details, such as: (1) a departure date and time; (2) a return date and time; (3) or any other itinerary details whatsoever.

The Court should deny Mecham's request for the temporary return of his passport.

Dated: October 4, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney